UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Miami Valley Fair Housing Center, Inc.,**

      *Plaintiff,*

v.                                             **Case No. 3:14-cv-219**
                                                                     **Judge Thomas M. Rose**

**Marcia Brand,** *et al.***,**

      *Defendants.*

---

**ENTRY AND ORDER GRANTING MOTION FOR ADDITIONAL DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56((D),** DOC. 16**, AND DENYING MOTION FOR PROTECTIVE ORDER PARTIALLY STAYING DISCOVERY PENDING A DECISION ON THE DISPOSITIVE MOTION.** DOC. 15.

---

Defendants Marcia Brand, Carl Woolley and Laura Weingartner have filed a Motion for Protective Order Partially Staying Discovery Pending a Decision on the Dispositive Motion. Doc. 15. Therein, Defendants seek to bifurcate discovery. Specifically, Defendants seek to stay discovery related to Plaintiff's punitive damages claims until after the Court issues a ruling on Defendants' pending Motion for Summary Judgment.

Defendants filed their Motion for Summary Judgment, doc. 14, two months into the Court-ordered eleven-month window for discovery, see doc. 12, prompting Plaintiff to file a Motion for Additional Discovery Pursuant to Federal Rule of Civil Procedure 56((d). Doc. 16. Plaintiff requests that it be permitted to conduct discovery in accordance with the case

management order of this Court, through the discovery cutoff of October 9, 2015, and then file its opposition to Defendants' dispositive motion.

In seeking to bifurcate discovery, Defendants state they do not intend to prevent Plaintiff from conducting discovery on the underlying claims, but seek only to stay discovery related to its punitive damages claims until after this Court issues a ruling on the pending Motion for Summary Judgment.  In seeking an extension, Plaintiff asserts it is unable to conduct the discovery needed to respond to Defendants' dispositive motion within the twenty-one days permitted by the Local Rules.

Rule 26(c) permits a district court to issue a protective order staying discovery during the pendency of a motion for "good cause shown." Fed. R. Civ. P. 26(c).  "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  Limitation of discovery may be appropriate where claims are subject to dismissal "based on legal determinations that could not have been altered by any further discovery." *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995).  Whether to authorize a stay of discovery pending a preliminary ruling is discretionary. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304-05 (6th Cir. 2003).

In ruling upon a motion for stay, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06–cv–0549, 2008 WL 641252, at *1 (S.D. Ohio, Mar.4, 2008).  When a party seeks a stay, rather than a prohibition, of discovery, the burden upon the party requesting the stay is lighter than it would be if the party was seeking total freedom from such discovery. *Marrese v. Am. Acad. of Orthopedic*

*Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983). At the same time, the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery. *Ohio Bell Telephone Co.*, 2008 WL 641252 at *1.

Defendants contend that discovery related to their net worth and other properties and holdings is overly burdensome and simply not relevant to deciding the case. Conversely, Plaintiffs point out that Defendant would simply switch the burden of excess efforts to Plaintiff. If Plaintiff were to prevail on the question of liability, Plaintiff would need to perform additional discovery on questions relating to damages. This would likewise burden the Court with management of an additional round of discovery and delay final resolution of the case.

Plaintiff's pending dispositive motion is not a motion to dismiss for failure to state a claim, but a motion for summary judgment, a motion asserting that Plaintiffs have no evidence that could prove communications concerning discriminatory practices between Defendants. This can only be answered by engaging in discovery.

Plaintiff rightly points out that the parties jointly recommended to the Court a straightforward discovery schedule, doc. 8, that was adopted by the Court and issued as an order. Doc. 12. If Defendant believed a bifurcated discovery plan was necessary, the question should have been raised at the Rule 26(f) conference.

Because discovery is necessary for Plaintiff to respond to Defendants' motion for summary judgment, Plaintiff's Motion for Additional Discovery Pursuant to Federal Rule of Civil Procedure 56(d), doc. 16, is **GRANTED**. Plaintiff is granted until 20 days after the close of discovery to respond to Defendant's Motion for Summary Judgment. Because the case is most efficiently resolved by engaging in one round of discovery and because the Court has already established a discovery plan by adopting the Parties' jointly proposed discovery plan, Defendants' Motion for

Protective Order Partially Staying Discovery Pending a Decision on the Dispositive Motion, doc. 15, is **DENIED**.

 **DONE** and **ORDERED** in Dayton, Ohio, on Monday, May 4, 2015.

 s/Thomas M. Rose

 _____
 THOMAS M. ROSE
 UNITED STATES DISTRICT JUDGE